UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

v.                              Case Nos. 08-20487

KIMANI HARDGE,               Honorable Patrick J. Duggan

      Defendant.
_____/

## OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR MODIFICATION OF TERM OF IMPRISONMENT PURSUANT TO 18 U.S.C. § 3582(c)(2)

This matter presently is before the Court on Defendant Kimani Hardge's motion for a modification of his sentence, filed June 17, 2013. In support of his request for relief, Defendant relies on the Fair Sentencing Act ("FSA") of 2010 and the Sixth Circuit Court of Appeals' May 17, 2013 decision in *United States v. Blewett*, 719 F.3d 482. In that decision, a panel of the Sixth Circuit held that the FSA– which significantly reduced sentences for offenses involving crack cocaine– should be applied retroactively. On August 30, 2013, the government filed a response to Defendant's motion, indicating that the *Blewett* decision does not apply to Defendant because his guideline range was calculated based on his status as a Career Offender. The government nevertheless asked the Court to hold

Defendant's motion in abeyance pending *en banc* review of the *Blewett* decision, which had been granted on July 11, 2013.

On December 3, 2013, the *en banc* court issued its decision holding that the FSA does not retroactively undo final sentences. *United States v. Blewett*, – F.3d –, 2013 WL 6231727 (6th Cir. Dec. 3, 2013). Even if the FSA applies retroactively, it does not afford Defendant relief because he was sentenced pursuant to the career offender guidelines. *See United States v. Perdue*, 572 F.3d 288, 293 (6th Cir. 2009), *cert. denied*, 130 S. Ct. 1537 (2010) (holding that the district court did not err in denying the defendant's motion to reduce his sentence based on an amendment to the crack cocaine guidelines, where the defendant was sentenced as a career offender); *United States v. Drewery*, – F. App'x – , 2013 WL 4054935 (6th Cir. Aug. 13, 2013) (holding that the defendants, whose sentences were based on the career offender guidelines, were not entitled to a reduction in their sentences under the FSA). In short, Defendant is not entitled to a reduction of his sentence.

The Court declines to issue a certificate of appealability with respect to this decision, to the extent one is required for Defendant to file an appeal.

Accordingly,

**IT IS ORDERED**, that Defendant's motion for modification of term of imprisonment pursuant to 18 U.S.C. § 3582(c)(2) is **DENIED**.

Date:  December 16, 2013    s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copies to:
Kimani Hardge, #42972-039
FCI Allenwood Medium
Federal Correctional Institution
P.O. Box 2000
White Deer, PA  17887

AUSA Steven P. Cares